Upon review of the competent evidence of record with respect to the errors assigned, and finding no grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, REVERSES the deputy commissioner's decision on the ground that the greater weight of the evidence fails to establish that plaintiff's on-the-job back injuries caused his disability after 7 August 1995.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are properly before the Industrial Commission, and the Commission has jurisdiction of the parties and the subject matter. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship between plaintiff (decedent)-employee and defendant-employer existed at all relevant times.
3. Defendant Alexsis, Inc., was the administrator for the duly qualified self-insured employer on the dates of the injuries to plaintiff's (decedent's) back on 26 September 1994 (I.C. No. 487988), 17 October 1994 (I.C. No. 839373), and 31 July 1995 (I.C. No. 577770), the incidents which are the subject of the present claim.
4. Plaintiff's (decedent's) average weekly wage and resulting compensation rate will be established by the Forms 22 submitted by the defendant in this matter.
5. Plaintiff (decedent) alleges three separate injuries by accident to his back. These injuries by accident occurred on 26 September 1994 (I.C. No. 487988), 17 October 1994 (I.C. No. 839373), and 31 July 1995 (I.C. No. 577770).
6. The issues to be determined are whether plaintiff (decedent) sustained compensable injuries by accident to his back arising out of and in the course and scope of his employment on 26 September 1994, 17 October 1994, and 31 July 1995. Further, if plaintiff (decedent) sustained compensable injuries on these dates, to what benefits is he entitled.
***********
Based on the competent, credible evidence of record, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. For reasons unrelated to his work-related injuries, plaintiff's decedent died on 20 November 1998. Defendant's son, Christopher T. Boyce, was appointed as Administrator of decedent's estate on 8 December 1998, and is substituted as plaintiff herein.
2. At the date of the hearing before the deputy commissioner, decedent was a fifty-three-year-old divorced male with a twelfth grade education.
3. Decedent served for ten years in the United States Army and is a decorated Vietnam veteran. Prior to his employment with defendant-employer, decedent worked for four years at Baxter Laboratories, three years at Columbia Carolina Midland Brake, and a few months at a tree service. Decedent also attended tractor trailer driving school at Cecil's Junior College. Decedent was a poor historian of his work and medical history.
4. Before working for defendant, decedent had a number of substantial medical problems, including back problems. In 1992, decedent sought treatment for lower back pain that radiated to his right leg. He apparently had injured his back while doing heavy lifting. On 9 September 1992, decedent underwent an L4-5 hemilaminectomy with diskectomy and lateral sacral recess decompression. He was advised against heavy lifting.
5. Decedent applied for employment with defendant following his back surgery and treatment for alcoholism. He duly advised defendant of his preexisting medical problems, including glaucoma, shortness of breath, chest pains, history of smoking, colon problems, prostate gland problems, nervous disorder, and prior alcohol-related problems. He also advised defendant of his prior back surgery, backache, and right shoulder bursitis.
6. Decedent was employed by defendant from 30 August 1993 through 14 September 1995. His job with defendant was his first employment following a period of medical problems, the back surgery in 1992, and treatment for alcohol abuse. Defendant initially hired decedent in an assembly line type position, but that position aggravated decedent's preexisting shoulder problems, and decedent was reassigned to a different position in which he moved pallets of lumber with a tow motor.
7. On 26 September 1994, while working for defendant, decedent injured his back while pushing packages onto a pallet jack. The following day, decedent was evaluated at the Veterans Administration Medical Center for complaints of centralized lower back pain. Decedent continued to work for defendant following this incident.
8. On 3 October 1994, decedent experienced severe centralized lower back pain when he bent over to pick up a small stack of wood. This incident is not the subject of a workers' compensation claim in this case. Decedent again continued to work for defendant.
9. On 17 October 1994, while working for defendant, decedent injured his back when he lifted a door. Immediately after this incident, decedent felt sudden severe and sharp centralized lower back pain. Decedent was admitted to the McDowell Hospital from 17 October 1994 with a diagnosis of an acute lumbosacral strain. Decedent was hospitalized for this condition until 21 October 1994. An MRI taken during his hospitalization indicated that decedent suffered from intervertebral disc narrowing at L4-5, consistent with the prior surgery. Following this injury, decedent was initially released to return to work at light duty. His back pain slowly resolved. On 31 October 1994 he was released to return to his regular job.
10. On 31 July 1995, while working for defendant, decedent injured his back when he pushed a loaded pallet jack. Immediately following this incident, decedent experienced sudden severe pain and tightness in his lower back. Decedent was seen that day at the McDowell Hospital's emergency room. Decedent was taken out of work by the emergency room physician until 7 August 1995. As a result of the emergency room evaluation and a subsequent evaluation by Dr. Fowler on 3 August 1995, decedent was diagnosed as having sustained a lumbosacral strain superimposed on chronic disc disease.
11. Defendant has not denied that the incidents on 26 September 1994, 17 October 1994, and 31 July 1995 occurred. Defendant provided for all of the medical treatment stemming from these incidents. Defendant denies, however, that decedent sustained any ongoing disability as a result of the three specific traumatic incidents.
12. Decedent was treated on several occasions after the incident on 31 July 1995. Decedent was seen on 3 August 1995, 7 August 1995, 11 August 1995, and 23 August 1995 at McDowell Family Practice. Decedent also underwent a course of physical therapy. Decedent was released to return to work on 23 August 1995. He was advised to avoid heavy lifting, pulling and straining in order to prevent further re-injury because of his chronic degenerative disc disease. At that time, decedent was "easily 75% improved," with no radiating symptoms. Dr. Cunningham recommended that decedent consider other employment less stressful to his back.
13. Decedent had already returned to work for defendant in a light duty position on 7 August 1995. In this position, he worked on the "drawer line," where he operated a glue gun to attach backs to drawers. The glue gun position required constant standing in one position, which aggravated decedent's back. In addition, the work was somewhat fast-paced, which aggravated decedent's shoulder condition. Because he believed that he could not perform any job with defendant, decedent left his employment with defendant on 14 September 1995. Decedent's inability to continue in the drawer line position was not due to the three prior injuries, but was due to his preexisting back and shoulder conditions.
14. Following his employment with defendant, decedent worked as a security guard with Blue Ridge Security, Inc., from 25 November 1995 through 3 February 1996, and from 23 March 1996 through 27 July 1996. On 16 April 1996, decedent again hurt his back, causing the same centralized lower back pain he had experienced while working for defendant. Between the periods of employment with Blue Ridge Security, Inc., decedent worked part-time as an outdoor janitorial assistant with his girlfriend's brother. This position aggravated decedent's shoulder problem. Decedent also re-injured his lower back while at home. Decedent's inability to work in the security guard position and in the janitorial position was not due to his injuries sustained while working for defendant. His general health appears to have been deteriorating.
15. The greater weight of the medical evidence tends to show that the injuries by accident on 26 September 1994, 17 October 1994, and 31 July 1995 constituted temporary aggravations of decedent's preexisting chronic lumbar disc disease.
16. The injuries on 26 September 1994, 17 October 1994, and 31 July 1995 aggravated decedent's preexisting condition and made it clear that decedent should have less strenuous duties than those entailed in his job with defendant, and that his employment opportunities would be limited. After each of the three injuries, decedent returned to his preexisting baseline condition. It is not credible that, either separately or cumulatively, the three injuries while working for defendant were the cause of decedent's inability to work. Rather, they were evidence of that inability.
17. Decedent was not employed in any capacity after 27 July 1996, and he did not look for other employment. Decedent's employment opportunities were limited because of preexisting back problems and other medical conditions unrelated to his employment.
18. The parties did not depose the expert medical practitioners, but submitted the case based on written statements. The causation opinion from David O. Lincoln, M.D., is not persuasive. Dr. Lincoln evaluated decedent in May 1997, after decedent had re-injured his back at the security guard position and again at home. The opinion from William V. Fowler, M.D., is more persuasive on the question of the extent to which the injuries sustained while working for defendant in 1994 and 1995 caused decedent's inability to work, because Dr. Fowler and his partner, Dr. Cunningham, treated decedent contemporaneously with the injuries and had first-hand knowledge of decedent's preexisting baseline condition.
19. The repeated aggravations of decedent's back pain indicates that his preexisting condition may have warranted a rating greater than 2.5 percent. Nevertheless, decedent did not sustain any permanent partial impairment as a result of the back strains he sustained while working for defendant.
20. Decedent's average weekly wage on 17 October 1994 was $279.95. Decedent's average weekly wage on 31 July 1995 was $316.94.
***********
The foregoing stipulations and findings of fact result in the following:
 CONCLUSIONS OF LAW
1. On 26 September 1994, 17 October 1994, and 31 July 1995, decedent sustained injuries by accident arising out of and in the course of his employment with defendant-employer when decedent strained his back as a result of specific traumatic incidents of the work assigned. G.S. § 97-2(6).
2. Decedent did not sustain any disability as a result of his injuries on 26 September 1994 and 17 October 1994, and 31 July 1995, given the seven-day waiting period. G.S. § 97-2(9), § 97-28.
3. Decedent failed to prove that he was disabled after 7 August 1995 as a result of his injury on 31 July 1995, either alone or in combination with the injuries on 26 September 1994 and 17 October 1994. Hilliard v. Apex Cabinet Co., 305 N.C. 593,290 S.E.2d 682 (1982); Russell v. Lowes Product Distrib.,108 N.C. App. 762, 425 S.E.2d 454 (1993).
4. Defendant is responsible for payment of medical treatment reasonably required on account of decedent's injuries on 26 September 1994, 17 October 1994, and 31 July 1995. G.S § 97-25.
***********
The foregoing findings of fact and conclusions of law result in the following
 AWARD
1. Plaintiff's claim for wage loss benefits and compensation for permanent partial impairment is DENIED.
2. Defendant shall pay all medical expenses reasonably required as a result of plaintiff's injuries on 26 September 1994, 17 October 1994, and 31 July 1995.
3. Defendant shall pay the costs.
 S/_____________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER